**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-23429-LEIBOWITZ**

**MUSAB MOHAMED ALHUSSEIN**,

  *Petitioner,*

*v.*

**WARDEN, KROME**
**PROCESSING CENTER,** *et al.,*

  *Respondent.*

_____/

## <u>ORDER</u>

**THIS CAUSE** is before this Court upon *pro se* Petitioner Musab Mohamed Alhussein's ("Petitioner") Motion to Add Respondents, [ECF No. 8]; Motion for Return of Property, [ECF No. 10]; Petition for Total Remission of Assets Based in United States, United Kingdom, United Arab Emirate, Sudia Arabia, and Canada, [ECF No. 11]; Motion to Amend, [ECF No. 12]; Motion to Add Respondents, [ECF No. 13]; Motion to Enforce Mandate, [ECF No. 14]; Notice of Docket Activity, [ECF No. 15]; Motion to Compel Court Records, [ECF No. 16]; and Motion for Extradition, [ECF No. 18].  Upon due consideration, all the motions are due to be DENIED.

On May 15, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition") challenging his immigration detention.  [ECF No. 1 ¶¶ 2, 5].  On May 20, 2026, the Court dismissed the Petition without prejudice and closed the case due to Petitioner's failure to pay the filing fee. [*See* ECF No. 5].  Considering the order dismissing the petition and closing the case, the motions are DENIED AS MOOT.  Neither this order nor the order closing the case precludes Plaintiff from initiating a separate action under a new case number.  This case remains CLOSED. Petitioner may not continue litigating his immigration detention in this closed case.

Given the multiple filings by Petitioner in recent weeks—most of which, if not all, are

frivolous—the Court will take this opportunity to caution Petitioner. **Monetary sanctions may be imposed under 28 U.S.C. § 1927 if the Court finds that Petitioner has multiplied these proceedings "unreasonably and vexatiously."** In the Eleventh Circuit, Section 1927 sanctions can be imposed against *pro se* parties. *See In re Micon Devices, Inc.*, 638 B.R. 649, 654-55 (Bankr. S.D. 2021) *aff'd* 657 B.R. 897 (S.D. Fla. 2024). The Court thus puts Petitioner on notice that he must have a good faith basis for making any future filings. <u>A violation of this Order may result in the imposition of sanctions</u> if the Court concludes that Petitioner failed to follow the Court's instructions in bad faith. *See Schwartz v. Millon Air, Inc.,* 341 F.3d 1220, 1225 (11th Cir. 2003).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Motion to Add Respondents [**ECF No. 8**] is **DENIED AS MOOT**.

2. The Motion for Return of Property [**ECF No. 10**] is **DENIED AS MOOT AND FRIVOLOUS.**

3. The Petition for Total Remission of Assets Based in United States, United Kingdom, United Arab Emirate, Sudia Arabia, and Canada [**ECF No. 11**] is **DENIED AS MOOT AND FRIVOLOUS.**

4. The Motion to Amend [**ECF No. 12**] is **DENIED AS MOOT AND FRIVOLOUS.**

5. The Motion to Add Respondents [**ECF No. 13**] is **DENIED AS MOOT.**

6. The Motion to Enforce Mandate [**ECF No. 14**] is **DENIED AS MOOT AND FRIVOLOUS.**

7. The Notice of Docket Activity [**ECF No. 15**] is **DENIED AS MOOT.**

8. The Motion to Compel Court Records [**ECF No. 16**] is **DENIED AS MOOT.**

9. The Motion for Extradition [**ECF No. 18**] is **DENIED AS MOOT AND FRIVOLOUS.**

10. The *Clerk of Court* is **DIRECTED** to mail a copy of this Order to Petitioner.

**DONE AND ORDERED** in the Southern District of Florida on August 5, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:      Musab Mohamed Alhussein, *Pro Se*
           064232481
           Miami FDC
           Federal Detention Center
           Inmate Mail/Parcels
           Post Office Box 019120
           Miami, FL 33101